# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DANIEL HARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 3:15-cv-00431 |
| | )  REEVES/GUYTON |
| MICHAEL TAYLOR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pro se prisoner Daniel Harrell ("Plaintiff") filed this Complaint arising under 42 U.S.C. § 1983 [Doc. 2] on September 25, 2015. On April 25, 2018, the Court screened the Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A) [Doc. 6]. The Court concluded that Plaintiff's Eighth Amendment excessive force claim against Michael Taylor in his individual capacity would proceed, but it dismissed the remainder of Plaintiff's claims and the remaining defendants [*Id.*]. The Court "**ORDERED** [Plaintiff] to complete the service packet [for Taylor] and return it to the Clerk's office **within thirty (30) days** from the date of the entry of this Order," and put Plaintiff "**ON NOTICE** that failure to return the completed service packets within this time period may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order." [*Id.* at 13-14 (citing Fed. R. Civ. P. 41(b))].

The Order and service packet were mailed to Plaintiff at his current location of incarceration.[1] More than thirty days have now passed, and Plaintiff has not returned a service packet for Taylor or responded to the Court's Order in any other way.

---

[1] The Court notes that it conducted independent research regarding Plaintiff's current place of incarceration and took judicial notice that Plaintiff is currently housed at Riverbend Maximum Security Institution, not Bledsoe County Correctional Complex, which was the last address provided to the Court by Plaintiff [Doc. 6 at 1-2]. The Court thus took additional steps to ensure that Plaintiff

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court can discern no reason for Plaintiff's failure other than willfulness or fault. Plaintiff has demonstrated an ability to file documents with the Court in the past, and there is no indication that Plaintiff did not receive the Court's Order. The Court is left to conclude that Plaintiff received the Order and chose not to comply with its terms. Accordingly, this factor weighs in favor of dismissal. The second factor, however, weighs against dismissal: since the Defendant has not yet been served or made to appear, he has not been prejudiced by any delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned that such a failure would result in dismissal.

---

received the Order and service packet, despite Plaintiff's failure to comply with his obligation pursuant to Eastern District of Tennessee Local Rule 83.13 to timely notify the Court of any change of address.

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff is proceeding *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court does not believe that dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

Accordingly, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**